# CASES

# SUPREME JUDICIAL COURT,

## COUNTY OF PENOBSCOT, JUNE TERM, 1836.

---

### MARK TRAFTON & al. vs. ZEBEDIAH ROGERS.

It is competent to prove by parol evidence, that a writ, appearing by its date to have been issued on the Lord's day, was in fact made on a different day.

When an objection can be taken either by plea in abatement, or by motion to quash the writ, the motion must be made, generally, within the time limited for filing a plea in abatement.

The assignment of a judgment and execution, made by the attorneys of the creditor who does not interfere, is a sufficient consideration for a note of hand given therefor to him, who has the equitable interest in the judgment.

THIS was an action of *assumpsit*. The writ bore date *Jan.* 5, 1834, and the action was entered at the *June Term* of the S. J. Court, and was then continued until the *October Term* following, when the trial was had before *Emery J.* At this last term the defendant moved, that the writ should be quashed, because it was issued on the Lord's day. No proof was then given on either side, whether the writ was, or was not, made on the Lod's day, other than what appeared from an inspection of the writ, and reference to the calendar. "But for the purpose of ascertaining the merits of the case, the trial was directed to proceed, leaving the defendant such benefit, as he ought to have by law in consideration of all the proceedings in the case if he should establish the fact, that it issued on *Sunday*."

The action was brought to recover the amount of a note of hand given by the defendant to the plaintiffs, promising to pay them by the first of *June*, then next, $88,67 or to procure and

deliver to them the note of one *Michaels* for the same sum. On the same paper was a memorandum, below the note, that "this is given for execution, *Leggett & Hance* v. *Moses Ingals*." The defendant then produced a paper, in the handwriting of *Mr. Hatch*, of the following tenor. "Amount of execution, *Leggett & al.* v. *Moses Ingalls. Capt. M. Fisher*, Deputy-sheriff, please deliver above execution to *Col. Z. Rogers*, as he is the owner of said execution.

"*March* 1, 1828. *McGaw & Hatch.*"

*McGaw & Hatch* were then attorneys of *Leggett & Hance.* The defendant proved, that before the first of *June* he called on *Fisher* for the execution, and he looked for it, but could not find it, and that he also called on *Hatch* for it. After the first of *June*, it was found in the office of the attorneys and returned into Court. The plaintiffs then proved, that the judgment referred to was founded on a note given to them, and by them assigned to *Leggett & al.* as collateral security, and that they had paid the amount due, and that the judgment was their property. They also proved, that the defendant, after the first of *June*, controlled the execution and claimed it as his property.

The defendant's counsel objected, that *McGaw & Hatch* had no authority to assign the demand of *Leggett & Hance* against *Ingalls* or sell it for the defendant's note; and that the defendant was not obliged to pay the money or deliver *Michael's* note until he received the execution.

The Judge instructed the jury, that if they were satisfied, that *Rogers* was willing to take the order on the Deputy-sheriff for the execution from *McGaw & Hatch*, the attorneys, and give his note as stated, without insisting on a more formal assignment, and that no imposition was practised upon him, and that he had availed himself of the right to control the execution by undertaking to assign it, and by preventing an action from proceeding on the judgment, relying upon and enforcing his claim under the order, which he retained; it was a sufficient assignment by the attorneys of *Leggett & Hance* so far as to constitute a good consideration for the note, though there might seem to be some contradictory remarks made by the plaintiffs, as to the *Ingalls* demand; that no persons could rightfully find fault with the doings of *McGaw*

*&* *Hatch,* but *Leggett* *&* *Hance,* as to the giving of the order, and they were paid; it having been in proof, that *Trafton* *&* *Bright* yielded to the claim of *Rogers* of property in the execution against *Ingalls.* That the defendant, not having performed his contract was answerable for the sum mentioned in the note and interest. The jury found a verdict for the plaintiffs. The report of the case concluded, that if the Court, on proof that the writ issued on *Sunday,* yet to be exhibited, should on consideration of all the circumstances and proceedings in the case, decide that the writ shall be abated or quashed, the verdict is to be set aside, and the defendant recover his costs; should the process be sustained, and if the direction to the jury was erroneous, the verdict is to be set aside.

This case stood for argument at the *June Term,* 1835, but was not reached in its order during the term. It was therefore continued, the parties being at liberty to furnish written arguments. The arguments were prepared in writing, and not having been handed to the Court, were read at the *June Term,* 1836. At this term, *Mr. Poor,* one of the plaintiffs' counsel, *Messrs. Mc-Gaw, Allen* *&* *Poor,* at the instance of the senior partner, was sworn, and testified, that the writ was not made on the Sabbath day, but made in the Court house immediately on the termination of another suit, and that in dating the writ, he must have made a mistake in the day of the month. As the arguments were previously written, the testimony of *Mr. Poor* is not referred to in them.

*Kent,* for the defendant, contended:

On the motion to quash the writ; the report states, that it was dated, *January* 5, 1834, and that no proof was given, that this was the Lord's day. This evidence uncontradicted and unexplained is sufficient to establish the fact, that it issued on that day. *Johnson* v. *Farwell,* 7 *Greenl.* 370. The Court are presumed to know when *Sunday* comes. It is not necessary to prove or deny the computation of time, for the Court will take notice of it. *Canal Co.* v. *Railroad Co.* 4 *Gill* *&* *Johns.* 63; *Pugh* v. *Robinson,* 1 *T. R.* 116; 1 *Strange,* 387; *Starkie on Ev. part 3, sec.* 20; *Cro. Eliz.* 227.

A writ thus issued is void and a nullity, both at common law, and by our statute.

It is void at common law without reference to any statute, English or American. In the earliest records of the proceedings of Courts of law, the issuing of judicial process was held not to be legal on *Sunday*, and that such process might be avoided, if issued. The service of the process was held to be legal, as a work of necessity, until prohibited by the statute of *Car.* 2, *ch.* 7. The same prohibition is found in our statute, probably a transcript of that of *Car.* 2, leaving the issuing of process, as formerly, prohibited by the common law. 2 *Coke's Inst.* 254, 354, note 3 ; *Swan* v. *Broome*, 3 *Burrow.* 1595 ; *Dyer*, 168 ; *Mackalley's case*, 9 *Coke's R.* 66 ; *Pearce* v. *Atwood*, 13 *Mass. R.* 347 ; 5 *Dane's Ab. ch.* 146, *art.* 7, § 3.

The process is also void, as being in contravention of the spirit and letter of the statute of 1821, *ch.* 9, " providing for the due observation of the Lord's day."

It will not be assumed by the opposing counsel, that the making of a writ on the Sabbath is a *work of necessity*, and surely the defendant can never look upon it as a *work of charity*.

There is one general principle of law to be gathered from all the authorities, English and American ; that no party can claim any right, or enforce any contract, founded upon any act which is in contravention of the express provisions of a statute. *Bensley* v. *Bignold*, 5 *Barn. & Ald.* 335 ; *Preston* v. *Bacon*, 4 *Conn. Rep.* 480 ; *Russell* v. *Degrand*, 15 *Mass. R.* 39 ; *Wheeler* v. *Russell*, 17 *Mass. R.* 258, and cases there cited ; *Smith* v. *Sparrow*, 2 *Carr. & P.* 544 ; *Fennell* v. *Ridler*, 5 *Barn & Cres.* 406 ; *Fox* v. *Abel*, 2 *Conn. R.* 541 ; *Wight* v. *Geer*, 1 *Root*, 474 ; *American Jurist*, *No.* 26, *for April*, 1835, *art.* 8, where the only opposing case, *Geer* v. *Putnam*, 10 *Mass. R.* 312, is commented upon.

A motion to quash the writ is the proper course for the purpose. 5 *Dane's Ab. ch.* 146, *art.* 7, sec. 3.

The instructions of the Judge were erroneous.

1. The consideration of the note was the execution. This the defendant could not obtain, and the consideration therefore failed.

Trafton *v.* Rogers.

2. But if it be said the consideration was the assignment of the judgment, then there was no consideration.   Although the attorneys might take security, they had no right to sell the demand. *Lewis* v. *Gamage*, 1 *Pick.* 348 ; *Langdon* v. *Potter*, 13 *Mass. R.* 320 ; *Kinden* v. *Shaw*, 2 *Mass. R.* 398.

*F. H. Allen*, for the plaintiffs.

1. The motion to dismiss the action was not seasonably made. Under the 18th rule of this Court, it should have been made on the second day of the first term, or at least on some day in the term.   The Court will not hear a motion to dismiss an action after the first term, unless strong reasons are shown.   *Howe's Pract.* 213 ; *Rathbone* v. *Rathbone*, 4 *Pick.* 89.   A plea in abatement cannot be filed after a general imparlance.   *Coffin* v. *Jones*, 5 *Pick.* 61.

2. It should have been taken advantage of by plea in abatement.   It was settled in *Johnson* v. *Farwell*, 7 *Greenl.* 373, that the presumption, that the date of the writ is the time when the action was commenced may be rebutted by proof of the true time.   The allegation is traversable, and therefore should have been pleaded.   *Mitchell* v. *Starbuck*, 10 *Mass. R.* 5 ; *Cook* v. *Gibbs*, 3 *Mass. R.* 195 ; *Prescott* v. *Tufts*, 7 *Mass. R.* 209 ; *Rathbone* v. *Rathbone*, before cited.   A party making an objection merely technical, must bring himself within strict rule.   *Ripley* v. *Warren*, 2 *Pick.* 594 ; *Gordon* v. *Valentine*, 16 *Johns. R.* 145 ; *Gilliland* v. *Morrell*, 1 *Caine's R.* 154.

3. The Court are not to take judicial notice, that the fifth of *January*, 1834, was *Sunday*.   *Ripley* v. *Warren*, before cited.

4. A writ dated on *Sunday* is good at common law.   Original writs may bear teste upon the Sabbath, for the *Chancellor* may seal writs on any day.   *Cro. Jac.* 496.   The reason why a *scire facias* issued on *Sunday* is void, is because it is in *England* supposed to issue only when the Court is sitting.

5. The statute only prohibits the *service* of civil process on *Sunday*.   This implies, that all other acts may be done, subject only to the penalty, if the act is not necessary.   But the act is not void.   It has been decided, that a bill or note made on *Sunday* is good.   *Geer* v. *Putnam*, 10 *Mass. R.* 312 ; *Drury* v.

*Defontaine*, 1 *Taunt.* 131; 14 *Petersdorff's Abr.* 760; 4 *Petersdorff*, 266, and cases there cited.

The action was continued *nisi* for advisement, and the opinion of the Court was drawn up and delivered at a subsequent term by

EMERY J. — In this case the writ bears date the 5th of *January*, 1834, and was served the 7th day of *May*, 1834, returnable before the Supreme Judicial Court on the 3d *Tuesday* of *June*, then next. The defendant appeared and the action was continued. At the *October Term*, 1834, the defendant moved that the writ be quashed because, he says, it was issued on the Lord's day. The trial proceeded, leaving the defendant such benefit as he ought to have by law, in consideration of all the proceedings in the case, if he should establish the fact, that it issued on *Sunday*. No such proof has been given other than such as arises from the date. The discussion has been elaborate and ingenious, upon the assumption that it was issued on the Sabbath. But it is insisted by the plaintiff's counsel, that it is too late for the defendant to make the objection, inasmuch as it was not taken by plea in abatement at the first term, agreeably to the rule of this Court.

And we are inclined to the opinion, that although the objection may be taken by motion to quash the writ, as well as by plea in abatement, for errors and defects apparent on the face of the record; we are also satisfied, that generally, when the objection is taken by motion, it is entitled to no more favor in point of time, within which it should be made, than a plea in abatement. *Howe's Practice*, 213; 4 *Pick.* 89, *Rathbone* v. *Rathbone*; 5 *Pick.* 61, *Coffin* v. *Jones.*

A void writ however cannot be amended according to *N. Y.* practice. We take it for granted, that this writ bears date of a *Sunday*. But the whole argument, derived from this circumstance, seems to be overthrown in the proof made before us, on the argument, by *Mr. Poor*, who on oath declared that he commenced making the writ in the Court house in the session of the Court of Common Pleas, after *Mr. Gilman* exhibited the evidence; and that it was not made on *Sunday*.

Corinna v. Exeter.

This evidence we think was rightly received agreeably to the spirit of the decision in 7 *Greenl.* 370, *Johnson* v. *Farwell.* And here this part of the case might be ended. And indeed we see no valid objection against the verdict or direction of the Court, as to the merits.

For the alleged failure of consideration is not established, the defendant having availed himself of the judgment and his enjoyment of the benefit of the assignment has not been withdrawn from him by *Leggett & Hance.*

We must consider it as having vested a right in him till he has been compelled to restore the amount. An opinion has been drawn more at length on the case, but it is not deemed requisite to communicate it.

*Judgment on the verdict.*