## Joseph Matthews *vs.* Alden Blossom.

Where the process is by original summons wherein there is no command to attach the goods or estate, a service by leaving a *summons* is not legal ; and the objection may be taken by motion in writing, if seasonably made.

The Court has power to grant an amendment, permitting a writ of original summons to be changed to a writ of attachment.

Such amendment is not to be considered matter of form, but of substance, and to be granted on terms, under the fifteenth rule of this Court.

At the commencement of the term at which the action was entered, and before the jury were empannelled, *S. Emery*, counsel for the defendant, in writing, moved the Court, that the writ abate, and that the action be dismissed, because the writ was not served upon the defendant by reading the same to him, or by leaving an attested copy, as the law requires, but was served merely by leaving a summons at his last and usual place of abode ; and that said writ is an original summons, wherein there is no command to attach the goods or estate of the defendant ; all which appears on the

face of the writ. Upon which motion, the facts alleged therein being apparent on the writ, EMERY J., then holding the Court, adjudged that the service was good and sufficient, and ordered the defendant to answer over. To this the defendant excepted. At the same term, *Fessenden & Deblois* and *Codman* and *Fox*, counsel for the plaintiff, moved for leave so to amend the writ, that it should read as a common writ of attachment.

*D. Goodenow* and *S. Emery*, argued for the defendant, and insisted that the legislature had established the different forms of writs, and that the Court had no power to permit an amendment like this, which would wholly change the form of action, and would in effect make a service good, which before was clearly bad. The plaintiff may have an option, which form of action to adopt, but when he has made his selection, he must abide by it, or go out of Court and commence anew.

*Fessenden & Deblois*, for the plaintiff, argued, that it was mere matter of form, and that it was clearly amendable. They cited. *Hearsey* v. *Bradbury*, 9 *Mass. R.* 95; *Campbell* v. *Stiles*, *ib.* 217; *Wood* v. *Ross*, 11 *Mass. R.* 271; *stat.* 1821, *c.* 59, § 16; *McLellan* v. *Crofton*, 6 *Greenl.* 308.

The case was continued for advisement, and the opinion of the Court was subsequently prepared by

SHEPLEY J. — The first and second sections of the *stat. c.* 59, point out the manner of serving writs. When a writ of attachment is used the service is to be made by delivery to the party, or leaving at his place of abode " a summons in form prescribed by law." And when " the process is by original summons" the service is to be made by reading the same to the party or by leaving a certified copy at his place of abode. This process being in the form of an original summons was served in the manner prescribed for a writ of attachment; and the exceptions are sustained.

A motion is made to amend the writ by inserting a command to the officer to attach the goods and estate; and thereby in effect to change the writ from one form to the other, for the part relating to the arrest of the body has been abolished, except in special cases.

The legislature having prescribed the form of writs, it has been doubted, whether the Court could regard them as formal in the

sense in which matters of form are spoken of in the sixteenth section. That section prohibits the Courts from granting a continuance, or allowing costs when amendments are made by reason of " defect or want of form only." Could it have been the intention to regard those matters, the form of which they had prescribed by law, as so immaterial as to authorize the change from one writ to another to be regarded as a circumstantial error, or want of form only ? Admit such not to have been the intention, and the writ is then to be regarded so far as respects the selection of one or the other a matter of substance. By the rules which this Court, being authorized by law, has made, two classes of amendments are allowed. One applies to matters of form only ; the other to matters of substance. The fifteenth rule allows amendments in matters of substance on payment of costs, or on such other terms as the Court shall impose. If the form of the writ be regarded as matter of substance, it may then be amended under this rule upon terms. And when the promotion of justice seems to require it, and the rights of third parties are not affected, there does not seem to be any important reason for refusing it.

*Amendment granted upon terms.*