PARSONS *v.* SWETT *& a.*

A writ of mesne process, not bearing the *teste* of the chief, first, or senior justice of the court, is not void.

The objection that a writ of mesne process does not bear such *teste*, must be seasonably made, by plea or motion; otherwise it will be held to have been waived.

A motion to quash a writ for want of such *teste* is addressed to the discretion of the court.

A writ defective in this respect may be amended by inserting the proper *teste.*

THE original writ in this action, dated March 24, 1855, was made returnable to the Court of Common Pleas, May term, 1855, and bore the *teste* of John J. Gilchrist, Esquire.  At the first term in the Common Pleas the defendants pleaded in abatement of the writ that it did not bear the *teste* of the chief, first, or senior justice of that court.   To this plea the plaintiff demurred, and the plea was adjudged to be bad on account of defect in form.   At the second term in the Common Pleas the defendants moved that the writ be quashed for the  same cause that had before been pleaded in abatement, and the motion was denied.   No evidence was offered on the motion.   On the 24th of March, 1855, John J. Gilchrist, Esquire, was not in fact chief, first or

senior justice of the Court of Common Pleas, he having before that time resigned his office of chief justice of that court and of the Superior Court.

*Rogers*, for the plaintiff.

*Barker*, for the defendants.

PERLEY, C. J. The Constitution of New-Hampshire, article 87, provides that "all writs issuing out of the clerk's office in any of the courts of law, shall be in the name of the State of New-Hampshire; shall be under the seal of the court whence they issue, and bear the *teste* of the chief, first, or senior justice of the court, and shall be signed by the clerk of said court."

Provisions of the Constitution are to be interpreted by the same rules that are applied in the construction of similar provisions in statutes; and the party that would avail himself of any provision in the Constitution must do it in the same manner and in the same time and order, that would be required in cases of like provisions in statutes. *Ripley* v. *Warren*, 2 Pick. 594; *Marston* v. *Brackett*, 9 N. H. 336, 349.

Before the Revolution all writs in the Province of New-Hampshire were in the king's name; and probably when the change was first made, by substituting the name of the State for the regal style, one object was to avoid all appearance of recognizing the royal authority. If beyond this there is any design to give authenticity and credit to legal process, by requiring an actual attestation of the chief, first, or senior justice of the court, the practical construction which has uniformly been put on this provision of the Constitution has wholly defeated that object; for the ordinary process of the court never in fact bears the actual signature of the chief justice, but his name is printed into the blank writs before they are delivered out of the clerk's office. The *teste* of the writ is therefore in practice a mere matter of form.

A writ which issues without the proper *teste* is not in terms declared by the Constitution to be void, and we think is not to

be held so by construction. In the same article of the Constitution writs are required to be signed by the clerk, but a writ is not void because it wants the signature of the clerk, and the objection will be overruled, if not seasonably made. *Lovell* v. *Sabine,* 15 N. H. 37.

In Massachusetts, upon the construction of a similar provision in their Constitution, it has been decided that the want of a proper *teste* is mere matter of form, and must be taken advantage of by seasonable objection—otherwise it will be held to have been waived. *Ripley* v. *Warren,* 2 Pick. 592.

In this case the want of a proper *teste* did not make the writ void. The plea in abatement was defective in form, and overruled. The motion to quash the writ was addressed to the discretion of the court, and that discretion was properly exercised by denying the motion. As a general rule, a motion to quash a writ for a cause which might be taken advantage of by plea in abatement, must be made within the time limited for filing pleas in abatement. *Trafton* v. *Rogers,* 13 Maine 315.

Our practice requires such pleas to be filed within the first four days of the first term, and the Court of Common Pleas were well warranted in holding that the defendants had waived their right to insist on the objection, by neglecting to make the motion until the second term.

Even if the plea in abatement had been sufficient, or the motion to quash had been seasonably made, the writ might have been amended, for it was not void, and the court had jurisdiction; as we understand to have been held in *Reynolds* v. *Damrell,* decided in Hillsborough County, July, 1849, and not reported.

We have not overlooked the case of *Hutchins* v. *Edson,* 1 N. H. 139, in which it was held that a writ of execution, not under the seal of the court, was void. The general language used in that case might tend to the conclusion that writs of mesne as well as final process, were void, unless under the seal of the court. It is obvious, however, that there is an important distinction between the two kinds of writs, because to a writ of final process

the defendant has no opportunity to object, by plea or motion, that it wants a seal or other constitutional requisite ; whereas in the case of mesne process he may plead the defect, or make it the ground of a motion ; and it may perhaps be found, when a case shall arise which presents the question, that the doctrine of *Hutchins* v. *Edson* ought not to be extended beyond the point expressly decided. *Foot* v. *Knowles*, 4 Met. 386 ; *Brewer* v. *Sibbley*, 13 Metcalf 175 ; *People* v. *Dunning*, 1 Wendell 17 ; *Jackson* v. *Brown*, 4 Cowen 550.