## CRAWFORD *v.* CRAWFORD.

Where there is a substantial defect in the service of a writ, which is apparent on the record, the court, on motion, if seasonably made, will generally quash the writ, and not put the defendant to his plea in abatement.

As a general rule, the motion will not be regarded as seasonable, unless made within the time limited for filing pleas in abatement.

THIS writ was dated October 16, 1862, and was served on the trustee October 18, and on the principal defendant October 28, 1862. The court commenced November 4, 1862, to which said writ was returnable. At this term the trustee was defaulted, but the defendant "comes and moves said court that the writ be quashed, and said action be dismissed from the docket, for the reason that the writ in said action was made returnable on the first Tuesday of November, 1862, and the same was served on him, the said Thomas J. Crawford, on the 28th day of October, 1862, by reading the same to him by Ira S. M. Gove, deputy sheriff, and the said writ was not served upon him in any other way or manner."

The plaintiff claimed that this defect should have been taken

advantage of by plea in abatement, and that the court would not, under these circumstances, grant this motion; and at least that it was discretionary with the court to disallow the motion.   But the defendant claimed that he was entitled to have the motion granted; that it was optional with him either to plead in abatement or make his motion to quash and dismiss; and the court, in order to raise the question, denied the motion, and the defendant excepted.

*Benton & Ray*, for the plaintiff.

The writ was properly served on the trustee Brown, who, failing to appear in court, was defaulted.   Service was made on the principal defendant but seven days before court.   This defect of notice is merely matter of abatement, and regularly should be pleaded as such with due formality and precision.   We apprehend such a course to be the more approved mode of taking advantage of all defects that may be raised by a defendant.   The fact that this error appears in the officer's return ought to make no difference, because, on a motion to quash, the plaintiff can raise no issue to avoid the effect of the return.

We insist that the court has power to compel the party to plead all such matters in abatement, just as much as to compel him to take advantage thereof, if ever, within the first four days of the term to which the process is returnable.   *Charlotte* v. *Webb*, 7 Vt. 38, 48;   *Kelley* v. *Paris*, 10 Vt. 261.   The court below, upon all the facts being placed before it, denied the defendant's motion, and the only question to be settled now is, whether or not it had the power to do so?   We think it had the power, and rely upon *Tilton* v. *Parker*, 4 N. H. 143, as our authority.   *Richardson*, C. J., there entertained no doubt of it.   The defect of the writ in *Parsons* v. *Swett*, 32 N. H. 87, was apparent of record, yet the court expressly refused to notice it unless precisely pleaded in abatement.   The bad plea in that case would have answered well enough as a motion to quash.   See *Hammond* v. *Wilder*, 25 Vt. 342.   The power of quashing applies to the writ and process only, not to defects in the declaration.   *Bean* v. *Green*, 4 Cush. 279.   The officer's return is not part of the original writ, or process, any more than the declaration.   A variance between the writ and summons is available only by plea in abatement.   So in regard to the want of an indorsement of the officer's name and office by him upon the summons.

Trustees and defendants are separate and independent parties. *Ingraham* v. *Olcock*, 14 N. H. 245.   Here the debtor's funds in the hands of the trustee were duly attached, the trustee duly notified, the action entered in court, and judgment rendered against the trustee.   There would therefore seem to be a marked propriety in requiring the defendant to plead this matter in abatement, if he seeks to take advantage from its occurrence.

*Burns & Fletcher*, for the defendant.

This is a motion to dismiss for a defect in the service of the writ. It is laid down for law in Gould's Pl. (ch. 5, sec. 135), that "if the sheriff's return of service, as indorsed by him upon the writ, is

defective upon the face of it (as if it appears from his indorsement that the defendant has not had sufficient notice of the suit), this is ground of abatement, or for setting the writ aside on motion." The position is well supported by the authorities cited, namely, Com. Dig., Abatement, H, 15; *Atkinson* v. *Taylor*, 2 Wil. 117. That defects apparent upon the record, may be taken advantage of by motion, is well established in England and in this country, as will appear by the following cases: In *Atkinson* v. *Taylor*, 2 Wil. 117, it was decided that if there were not fifteen days between the *teste* and return of *capias ad respondendum*, the court will set it aside on motion. Where there are several plaintiffs, if any of them live in this State the action must be brought in the county where some of the parties reside; and if brought otherwise, as the objection appears on the face of the writ, the writ may be quashed on motion. *Eames* v. *Carlisle*, 3 N. H. 130. The court will abate a writ *ex officio*, or on motion, where any defect appears on the face of it; or for an insufficient service, &c.; and by our practice the defendant may plead such defect without obtaining oyer of the writ. *Per Wilde*, J., in *Gould* v. *Richardson*, 6 Pick. 369. Any defect apparent upon the record which is good cause for a plea in abatement may be taken advantage of by a motion to dismiss. *Bennett* v. *Allen*, 30 Vt. 684. When the process is by original summons, wherein there is no command to attach the goods or estate, a service by leaving a summons is not legal, and the objection may be taken by motion, in writing, if seasonably made. *Mathews* v. *Blossom*, 15 Me. 400; and see *Upham* v. *Bradley*, 17 Me. 423.

Having cited one case from a British report, one from our own State, and one from each of the adjoining States, we deem it unnecessary to multiply authorities, as there appears to be no conflict on this subject.

BELLOWS, J. The general tendency of the decided cases in this State is to regard a motion to dismiss or quash a proceeding as addressed to the discretion of the court; although it is distinctly held, in *Farley* v. *Day*, 26 N. H. 527, on motion to quash a writ for want of legal service, that it was not a matter of discretion, but that the principles of law must be applied, as in other cases.

It is, however, universally held that such motion must be seasonably made, or the defect will be regarded as waived; and, in the absence of any specific rule, what is seasonable must depend upon the sound discretion of the court; and we are not prepared to say that there may not be cases where, on account of the subject matter of the motions, the court may, in its discretion, put the party to a formal plea.

But where the defect is the want of legal service of the writ, and such defect is apparent on the record, the court, on motion, if seasonably made, will generally quash the proceeding; and as a general rule such motion will not be regarded as seasonably made, unless it be within the time limited for filing pleas in abatement. So it is held in *Parsons* v. *Swett*, 32 N. H. 87.

It is laid down in Tidd's Pr. 90, "That if the process be defect-

ive in point of form, or its direction, teste, or return, or the attorney's name be not indorsed upon it, the defendant may move the court to set aside the proceedings. But he can not take advantage of any error or defect in the process, after he had appeared to it, or taken the declaration out of the office; for it is the universal practice of the court that where there has been an irregularity, if the party overlook it and take subsequent steps in the cause, he can not afterward revert back and object to it." See, also, *Corbet* v. *Bates*, 3 T. R. 660, and other cases cited in 1 Tidd's Pr. 90.

In accordance with our general views are *Eames* v. *Carlisle*, 3 N. H. 130; *Tilton* v. *Parker*, 4 N. H. 142; *Davis* v. *Duncklee*, 9 N. H. 553; *Chase* v. *Strain*, 15 N. H. 541; *Lowell* v. *Sabin*, 15 N. H. 37; *State* v. *Walpole*, 15 N. H. 27; *Clark* v. *Lisbon*, 19 N. H. 286; *Farley* v. *Day*, and *Parsons* v. *Swett*, before cited; also, *Andrews* v. *Bosworth*, 3 Mass. 223; *Tingley* v. *Bateman*, 10 Mass. 343; *Gould* v. *Richardson*, 6 Pick. 369; *Bennett* v. *Allen*, 30 Vt. 684; *Trafton* v. *Rogers*, 13 Me. 315; *Mathews* v. *Blossom*, 15 Me. 400.

Where the defect is not apparent upon the record, the court will not take notice of it, without plea, even upon an agreed statement of facts; as is held in *Morse* v. *Colby*, 5 N. H. 222; but if the defect be a substantial one, is apparent upon the record, and can not be cured by amendment, and is seasonably brought to the notice of the court by motion, the proceeding will ordinarily be dismissed.

In this case there was no legal service upon the principal defendant; and it is admitted that the motion to dismiss was made within the first four days of the return term; and we see nothing that calls for any exercise of judicial discretion by putting the defendant to his plea in abatement, even if such discretion existed; but it is merely the ordinary case of a defective service by which the plaintiff's attachment is endangered. The writ must, therefore, be quashed.