Request of the Senate
No. 79-081

OPINION OF THE JUSTICES

May 16, 1979

The following request of the senate for an opinion of the justices was adopted on April 17, 1979, and filed in this court on April 19, 1979.

"Whereas, senate bill no. 78, an act providing for a universal writ to be used by each of the district and municipal courts is pending before the senate; and

"Whereas, questions have arisen as to the constitutionality of senate bill no. 78; now, therefore, be it

"Resolved by the Senate:

"That the Justices of the Supreme Court are respectfully requested to give their opinion and answer the following question:

"Do the provisions of RSA 509:2-a as inserted by section 1 of the bill violate the Constitution of the State of New Hampshire?; and

"That the clerk of the senate transmit 7 copies of this resolution to the Justices of the Supreme Court along with an equal number of copies of senate bill no. 78."

The following answer was returned:

*To The Honorable Senate:*

Senate bill 78 would provide that

[f]or the purposes of the New Hampshire Constitution, Part 2, Article 87, and RSA 509:2 only, the district and munici-

pal courts shall be considered one court sitting in various districts and towns throughout the state, and the chief or first justice of the court shall be the chairman of the administrative committee of the district and municipal courts, who shall be provided with a seal bearing upon its face the words, "District Court, State of New Hampshire." For said purposes, the clerk of any district or municipal court shall be considered the clerk of said court and the signature of any such clerk shall be sufficient on any writ used in any district court in the state.

Before the American Revolution, all writs in the province of New Hampshire were issued in the King's name. The object of N.H. Const. pt. II, art. 87, which requires issuance in the name of the State, was "to avoid all appearance of recognizing the royal authority." *Parsons v. Swett*, 32 N.H. 87, 88 (1855).

If beyond this there is any design to give authenticity and credit to legal process, by requiring an actual attestation of the chief, first, or senior justice of the court, the practical construction which has uniformly been put on this provision of the Constitution has wholly defeated that object; for the ordinary process of the court never in fact bears the actual signature of the chief justice, but his name is printed into the blank writs before they are delivered out of the clerk's office. The *teste* of the writ is therefore in practice a mere matter of form.

*Id.* The court in *Parsons* concluded that a writ that issues "without the proper *teste* is not in terms declared by the Constitution to be void, and we think is not to be held so by construction." *Id.* at 88–89. In that case a writ issued over the signature of a former chief justice of the superior court was upheld. The court in *Parsons* further stated that a writ is not void if it lacks the signature of the clerk.

In *Smith v. Tallman*, 87 N.H. 176, 175 A. 857 (1934), writs issued by clerkless police courts, the predecessors of our district courts, were upheld although they had no *teste* authenticated by a clerk's signature. The lesson of the *Parsons* and *Smith* cases is that the requirements of N.H. Const. pt. II, art. 87 are largely matters of form. This court has recently approved a central purchasing procedure for uniform printed complaints in the district and municipal courts. Senate bill 78 is another step in this modernization process and we find no constitutional infirmity in the bill.

The answer to the question is "No."

EDWARD J. LAMPRON
WILLIAM A. GRIMES
MAURICE P. BOIS
CHARLES G. DOUGLAS, III
DAVID A. BROCK

Craig E. Briggs, deputy director of the administrative committee of the district and municipal courts, filed memorandum in support of negative answer.