[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM IN RE: MOTION TO SERVE # 164
It is proper for a party to move to strike a case from the jury docket. See Falk v. Schuster, 171 Conn. 5, 7, 368 A.2d 40
(1976).
The plaintiff argues that an action to foreclose a mortgage is equitable in nature and does not give rise to a jury trial. The plaintiff further argues that the defendant's counterclaims do not convert this action into one at law because they are ancillary to the foreclosure action. The defendant, Ralph Carpinella, joins in the plaintiff's motion to strike this case from the jury CT Page 11026 docket. The defendants, R.R. P. Development and Philip Feuerstein have not filed a memorandum in opposition to this motion, but they have filed a motion to extend the time to answer plaintiff's motion which has not been ruled upon by the court. Article first, 19 of the Connecticut Constitution states that "[t]he right of trial by jury shall remain inviolate."
 This particular provision of our constitution has been consistently construed by Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the provision then that right remains intact. (Citations omitted.)
 It is generally held that the right to a jury trial "exists not only in cases in which it existed at common law and at the time of adoption of constitutional provisions preserving it, but also exists in cases substantially similar thereto. . . ." 47 Am.Jur.2d, Jury 17; Swanson v. Boschen, supra. At common law, "legal claims [were] tried by a jury, [and] equitable claims [were] tried by a court. . . ." Miles v. Strong, 68 Conn. 273, 286, 36 A. 55 (1896); Dawson v. Orange, 78 Conn. 96, 100, 61 A. 101 (1905). Equitable actions, therefore, are not within the constitutional guarantee of trial by jury. (Citations omitted.)
Skinner v. Angliker, 211 Conn. 170, 373-74 559 A.2d 701 (1989).
"It is well settled that the right to a jury trial under article first, 19 of the Connecticut constitution, as amended, does not include a right to a jury trial in an equitable action." (Citations omitted.) Texaco, Inc. v. Golart, 206 Conn. 454, 458,539 A.2d 1017 (1988). "When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends on the relative importance of the two types of claims." (Citations omitted.) Motor Vehicles Manufacturers Association v. O'Neill II, 212 Conn. 83, 92, 61 A.2d 917 (1989); Practice Book 308. To make the determination of whether the action is essentially legal or equitable, the court must examine the pleadings in their entirety. Texaco, supra, 459. CT Page 11027
The plaintiff's complaint is a foreclosure action of a note and mortgage deed. It is primarily equitable and the court may entertain all questions which are necessary to be determined in order that justice may be done between the partied." Hartford Federal Savings and Loan Assn. v. Tucker, 196 Conn. 172, 175,401 A.2d 1084 (1985), cert. denied 474, U.S. 920 (1985). In their counterclaim the defendants assert the following equitable remedies; an order estopping the Bank from accelerating the promissory note, that such note is unenforceable as to the plaintiffs to the counterclaim, an accounting of all monies received by the Bank under the note, an accounting of all monies received by the Bank as receiver of rents and any further equitable relief the court deems proper.
The essence of plaintiff's claims are equitable as are the majority of the defendants' counterclaims and that the plaintiffs' motions to strike the case from the jury docket is granted.
SYLVESTER, J.