SAMUEL A. MILES, TRUSTEE, ET AL. *vs.* CHARLES K. STRONG ET AL.

Third Judicial District, New Haven, June Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

In the construction of a statute attacked as unconstitutional, it is the duty of the court to declare it valid, if that result can be reached by any reasonable, though not the most obvious, interpretation.

Chapter 66 of the Public Acts of 1893 authorizes an action to be brought by any person claiming title to or interest in real property, against another claiming an adverse title or interest, in order to determine the rights of the parties and quiet the title. The Act provides that each defendant shall state in his answer whether he claims any interest in the premises, and if so, its nature and extent; and that "the court shall hear the several claims and determine the rights of the parties." In a suit under this statute it was *held* that the word "court" meant

Miles, Trustee, et al. v. Strong et al.

the tribunal itself, and not merely the judge as distinguished from the jury; that the proceedings authorized by the Act constituted "due process of law," and did not deprive parties of their constitutional right to a jury trial where the issues raised were of a legal nature, or make any change in that respect in the methods of trial previously existing.

Prior to the passage of the Act of 1893, the plaintiffs brought two suits against the defendants, the second being a suit substantially like the present one, in which they alleged that the defendants claimed some interest in the land in question, and that such claims constituted a cloud upon the plaintiffs' title, and prayed for its removal; final judgment in that suit was, however, rendered for the defendants, mainly upon the ground that the case involved legal questions and considerations only, not cognizable in equity. *Held* that while this judgment was, in a certain sense, one upon the merits, it nevertheless did not determine the controversy between the parties, and was not therefore a bar to the present action, brought under the statute.

In order to ascertain whether the former judgment had settled the matters in litigation in the present suit, it was competent for the trial court to read, or to permit counsel to read, the opinion of this court pursuant to which judgment in the former action had been rendered.

To prove that the defendants, at the commencement of the present action, claimed an interest in the land adverse to the plaintiffs, it was *held* that the answers of the defendants in the former actions, and their claims in this action, filed in compliance with an order of court, were relevant to the issue and properly received as admissions upon the part of the defendants.

While a mere mental claim, unexpressed by the defendant, is not such a "claim" as the statute recognizes, yet it is not essential, in order to sustain a suit under the Act of 1893, that the plaintiff should prove that the defendant has openly asserted an adverse claim since the passage of the Act; it is enough, in the absence of anything to the contrary, to show the previous assertion of such a claim by the defendant.

The omission to charge upon a point not alluded to by either party, will not afford ground for a new trial, provided the charge as given is correct, adapted to the issue, and sufficient for the guidance of the jury.

A testator devised certain real estate to *E* (one of the plaintiffs) "and his heirs forever; provided, however, that if he shall die before he attains his majority, or without leaving lawful issue surviving him, and without having disposed of all the lands by this will devised to him either by deed or by will, then, and in either of these events," the land not disposed of, was to descend and be distributed among the testator's heirs at law and their legal representatives. On attaining majority *E* conveyed the land so devised to him, to *S* (the other plaintiff), in trust for *E* during his life and for his wife and children after his decease. *Held* that the trial court correctly ruled that *S* had an absolute title in fee to the land devised to *E*, subject only to the trust created in the deed of the latter.

[Argued June 4th—decided October 9th, 1896.]

SUIT in equity praying that the defendants might be required to set forth the nature and extent of the interest or estate claimed by them in certain real property alleged to be owned by the plaintiffs, and for an adjudication quieting and settling the title thereto; brought to the Superior Court in New Haven County where one of the issues was tried to the jury before *Ralph Wheeler, J.*, resulting in a verdict and judgment for the plaintiffs, and thereafter the other issues were tried to the court, *Hall, J.*, and final judgment rendered for the plaintiffs, from which the defendants appealed for alleged errors in the rulings and charge of the court. *No error.*

The case is sufficiently stated in the opinion.

*George P. Carroll*, for the appellants (defendants).

In the absence of a valid enabling statute, the action set forth is not maintainable. *Miles* v. *Strong*, 62 Conn. 95; *Weed* v. *Weed*, 94 N. Y. 243. The action cannot be maintained by force of the Public Act of 1893, Chap. 66. That Act is void for unconstitutionality. Const. of Conn., Art. I. § 21. The Act in question attempts to confer upon the court, without the intervention of the jury, the absolute power to adjudicate certain matters of title pertaining to real estate. It was competent to have so framed the Act that the issues of fact formerly triable to the jury should have continued to be within their jurisdiction for decision. Such has been the method in Massachusetts when equity jurisdiction has been enlarged. *Powers* v. *Raymond*, 137 Mass. 483; Cooley's Const. Lim. (4th Ed.) p. 513; *Haine's Appeal*, 73 Pa. St. 169; *North Penn. Coal Co.* v. *Snowden*, 42 id. 488; *Norris's Appeal*, 64 id. 275; *Whitehead* v. *Shattuck*, 138 U. S. 146; *Scott* v. *Neely*, 140 id. 106; 1 Beach on Modern Eq. Juris. § 5; 2 Hare's Amer. Const. Law, pp. 859, 868. The Act also deprives the defendant of "due process of law" in violation of § 1 of the XIV. Amendment of the Federal Constitution. Cooley's Const. Lim. (4th Ed.) pp. 437, 438; *Craig* v. *Kline*, 65 Pa. St. 399; *Rockville* v. *Nearing*, 35 N. Y. 302; *Dunn* v. *Burleigh*, 62 Me. 24; *Philadelphia* v. *Scott*,

81 Pa. St. 80, 90; *Taylor* v. *Porter*, 4 Hill, 147; *Westervelt* v. *Gregg*, 12 N. Y. 209. Any adverse claim the defendants may have made, accrued and existed long prior to the passage of this Act, which therefore is not applicable unless given a retrospective effect. *Plumb* v. *Sawyer*, 21 Conn. 351; *Smith* v. *Lyon*, 44 id. 178; *Goodsell's Appeal*, 55 id. 171; *Lane's Appeal*, 57 id. 182; *Middletown* v. *N. Y., N. H. & H. R. R.*, 62 id. 498. Mere legislative enactment can never create a demand against a party who was not bound before, either legally or equitably. *Shay's Appeal*, 51 Conn. 164; *Ohio, etc., R. R.* v. *Lackey*, 78 Ill. 55; *Medford* v. *Learned*, 16 Mass. 217; *People* v. *Supervisors*, 43 N. Y. 135. The former judgment was one upon the merits. Black· on Judgments, § 694; *Gould·* v. *Evansville, etc., R. R.*, 91 U. S. 526; *Ellis* v. *Northern Pacific R. R.*, 80 Wis. 459; 2 Van Vleet's Former Adjudication, p. 657. Conceding the state of the law to be different at the time of the institution of the second suit, that does not prevent the former judgment from being a bar to this action. 3 Bla. Com. 398; *Great Northern Ry. Co.* v. *Messop*, 17 C. B. 140; *Kilheffer* v. *Herr*, 17 Serg. & R. 319; *Pinney* v. *Barnes*, 17 Conn. 420; *Percy* v. *Foote*, 36 id. 102.

*William B. Stoddard* and *Seymour C. Loomis*, for the appellees (plaintiffs).

There is nothing in the Act of 1893 which deprives a party of the right of trial by jury. If an issue is framed which is properly triable to the jury, there is no reason why it may not be so tried. There is nothing in the Act which prevents it. Section 5 provides that " the court shall hear . . . . and determine." The word " court " is here used to include all the machinery of a court of justice, the judges and the jury. *Gold* v. *R. R.*, 19 Vt. 478; Const. of Conn., Art. V. § 1; *Naugatuck R. R.* v. *Waterbury Button Co.*, 24 Conn. 478, and cases cited. The statute is to be upheld if possible. Any construction which will result in that end, ought to be adopted in preference to one which will defeat it, even though the former " be not the most obvious." *Wilton* v. *Weston*,

48 Conn. 338; *Ferguson* v. *Stamford*, 60 id. 447; *Camp* v. *Rogers*, 44 id. 298, and cases cited. Similar statutes have been passed in fourteen other states : California, Illinois, Idaho, Indiana, Iowa, Kansas, Michigan, Nebraska, New Jersey, Ohio, Oregon, Utah, Washington and Wisconsin. While in three others,—Massachusetts, Maine and Missouri, —statutes of the same general character, but more limited in extent, have been enacted. These statutes have been held constitutional. *Mining Co.* v. *Fremont*, 7 Cal. 319; *Curtis* v. *Sutter*, 15 id. 259 ; *Hyde* v. *Reading*, 74 id. 493 ; *Gage* v. *Ewing*, 107 Ill. 11; *Trittipo* v. *Morgan*, 99 Ind. 269 ; *King* v. *Carpenter*, 37 Mich. 366 ; *Hadden* v. *Hemingway*, 39 id. 615 ; *Holmes* v. *Chester*, 11 C. E. Green, 79 ; *Collins* v. *Collins*, 19 Ohio St. 468; *Rhea* v. *Dick*, 34 id. 420 ; *Murphy* v. *Sears*, 11 Or. 127 ; *Webster* v. *Tuttle*, 83 Me. 271. There is no ground for the claim that the Act in question deprives the defendants of their property without "due process of law." *Bartlett* v. *Wilson*, 59 Vt. 34 ; *Donohue* v. *Maloney*, 49 Conn. 166. The cause of action in the former suit is not the same as the one in the case at bar. The first case was for the removal of a cloud from title ; the second case is for the settlement of a dispute about a legal title to land. One is an equitable proceeding ; the other is purely statutory. 2 Black on Judgments, §§ 725, 726. It appears that the cause of action in the present suit is not the same as the former one, for the reason that under the law as it then was the plaintiffs had no cause of action at all. Under the present law they have one. 21 Amer. & Eng. Ency. of Law, 266. Under the will, Ernest Strong Miles took an estate which he can dispose of by deed or by will. *Bristol* v. *Atwater*, 50 Conn. 402; *Beckley* v. *Leffingwell*, 57 id. 163 ; *McKenzie's Appeal*, 41 id. 607 ; *State of Conn.* v. *Smith*, 52 id. 572.

TORRANCE, J.   This is the third attempt to obtain a construction of the will of Selah Strong in behalf of one of the devisees.   See the cases of *Miles* v. *Strong*, 60 Conn. 393, and 62 Conn. 95.

The devisee, Ernest Strong Miles, is a grandson of the

testator, and his father was the executor under the will. They are the plaintiffs in this suit, and the defendants are heirs at law of the testator. Under the fourth and fifth clauses of said will, certain real estate in Milford in this State was devised to Ernest, and the eighth clause, with reference to these devises, contains the following provision : " The foregoing devises to the said Ernest Strong Miles are, subject to the charges aforesaid (certain charges in favor of the widow about which no question is now made), to him and his heirs forever; provided, however, that if he, the said Ernest Strong Miles, shall die before he attains his majority, or without leaving lawful issue surviving him, and without having disposed of all the lands by this will devised to him either by deed or by will, then, and in either of these events, it is my will that all said lands herein devised to the said Ernest Strong Miles, and not by him disposed of, shall descend to and be distributed among my heirs at law, and those who legally represent them." The contest between these parties relates to the construction of this eighth clause.

On the 19th of May, 1890, Ernest became of age, and immediately following that event he by deed, in trust for himself during life and for his wife and children after his decease, conveyed the real estate so devised to him, to his father; and thereupon the first of the two cases above mentioned was brought. In that case one of the present plaintiffs, as executor of Selah Strong, some eight years after the estate of his testator had been fully and finally settled and distributed, asked to have this eighth clause of the will construed; and this court held, in effect, that under the circumstances his request came too late, and advised the Superior Court to dismiss the complaint.

After this the present plaintiffs brought the second of the above cases against the present defendants, alleging in substance that the defendants claimed some interest in or title to said land under the eighth clause of said will, which claims constituted a cloud upon the then plaintiffs' title, which they asked to have removed. This court in that case said : " The complaint in this case in effect asks a court of equity to take

jurisdiction of a mere legal question relating to the title to land, and as incidental to the determination of that question to construe this will in advance of a trial at law. We think this cannot be done under our practice in a proceeding of this kind." *Miles* v. *Strong*, 62 Conn. 103. Thereupon the judgment of the Superior Court holding the contrary of this, was reversed. Subsequently in that court, upon the facts as they appeared of record, the issues were found for the defendants and judgment for costs was rendered in their favor.

In this condition of affairs chapter 66 of the Public Acts of 1893 was passed, which reads as follows:—" Section 1. An action may be brought by any person claiming title to, or any interest in real property, against any person or persons who claim to own the same, or any part thereof, or who claim to have any estate either in fee, for years, for life, in reversion, or remainder, or any interest in the same, or any lien or incumbrance thereon, adverse to the plaintiff, for the purpose of determining such adverse estate, interest, or claim, and to clear up all doubts and disputes, and to quiet and settle the title to the same.

" Sec. 2. The complaint in such action shall describe the property in question and state the plaintiff's claim, interest, or title, and shall name the person or persons who claim such adverse estate or interest.

" Sec. 3. Each defendant shall, in his answer, state whether or not he claims any estate, interest in, or incumbrance on said property, or any part thereof, and, if so, the nature and extent of the estate, interest, or incumbrance which he claims, and he shall set out the manner in which, and the sources through which such estate, interest, or incumbrance, is claimed to be derived.

" Sec. 4. No judgment for costs shall be rendered in such action against any defendant who, by his answer, disclaims all estate, interest in, or incumbrance on said property, but costs shall be taxed in his favor at the discretion of the court. But the court shall, in such cases, without further proof, render judgment that such defendant has no estate, interest in, or incumbrance on said property, or any part thereof.

" Sec. 5. The court shall hear the several claims and determine the rights of the parties, whether derived from deeds, wills, or other instruments, or sources of title, and may determine the construction of the same, and render judgment determining the questions and disputes, and quieting and settling the title to said property."

This Act was approved April 19th, 1893, and took effect upon its passage, and on the next day the present suit was begun.

The complaint describes the property in question, states the origin and nature of the plaintiffs' claims thereto, as derived under said will and trust deed, and sets out the will, the return of the distributors, and the trust deed; it also names the defendants as the persons who claim an adverse estate or interest in the land described, and alleges in paragraph eight that " the defendants claim that they have some interest in said property adverse to the plaintiffs." The relief claimed is, (1) that the defendants shall state the nature, extent and source of the estate or interest which they each claim; (2) an adjudication of the several claims of the parties, and the determination of their several rights; (3) an adjudication quieting and settling the title to said property.

One of the defendants, Mira R. Strong, in her answer disclaimed all right and title to the property in question, and she is not a party to the present appeal. The other defendants demurred to the complaint, mainly on the ground of the unconstitutionality of the Act of 1893, and the demurrer was overruled. Then the defendants answered over, setting up as a first defense, the former judgment in the case of *Miles* v. *Strong*, 62 Conn. *supra*, in bar of this suit; and as a second defense they denied the allegations of paragraph eight of the complaint. In their reply the plaintiffs admitted the existence of the former judgment, but denied that it was upon the merits, and the issue upon this point was found in favor of the defendants. After this the court, on the plaintiffs' motion, ordered the defendants to state in their answer what their claim or interest, if any, in said real estate was, and the nature, extent and origin of it. Thereupon the attorneys

for the defendants filed a writing setting out in substance that the defendants claimed a contingent interest in said land, under the will of Selah Strong. Thereupon the plaintiffs were permitted, against the objection of the defendants, to file a second and third reply to said first defense, in which they alleged in substance that the former judgment was no bar, because it was simply a judgment that the then plaintiffs were not entitled under the law as it then was, to the relief which they then sought; and that the law had been changed in this respect by the Act of 1893. Ultimately the parties were at issue upon a denial of the allegations of these replies, and the issues were tried to the court and found in favor of the plaintiffs. The issue framed upon the second defense denying the eighth paragraph of the complaint, was tried to the jury, and upon that a verdict was rendered for the plaintiffs.

Upon the trial to the jury, the plaintiffs offered in evidence the original files in the two cases before mentioned, which contained, among other matters, answers signed by the attorneys of record therein, which answers tended to show that the defendants then made certain claims to the land in question. To this evidence the defendants objected, on the ground, (1) that if any such claims were made, they were made prior to the passage of the Act under which the present suit was brought, and therefore the evidence was not relevant upon the question whether those defendants had made such claims subsequent to the passage of the Act; (2) that the admission of such evidence would give the Act a retrospective effect; (3) that it did not appear that said attorneys had any authority to make any admissions that might be the basis of a cause of action against said defendants. The court overruled the objections and admitted the evidence. The plaintiffs also offered in evidence the papers filed in the present case by the attorneys for the defendants, in compliance with the orders of the court hereinbefore mentioned. The defendants objected to this evidence on the ground, (1) that it did not appear that defendants' counsel had any authority to make any admissions that would be the basis of a cause

of action against them; (2) because the admissions in said papers, if any, were made after this action was brought, and therefore were not admissible as tending to show that at the time the action was brought the defendants had made the claims alleged in the complaint; (3) because such admissions did not tend to show any cause of action. The evidence was admitted over the objections of the defendant. The finding proceeds as follows :—

"No evidence, except as above stated, was admitted tending to show that between the time of the passage of said Act of 1893 and the bringing of this action, the defendants made claims to the real estate in question. On this evidence the defendants requested the court to charge the jury that the action could not be maintained upon the facts in evidence; that the action could not be maintained unless they should find from the evidence that between the passage of the Public Act of 1893, Chap. 66, which was approved April 19th, 1893, and the bringing of this action on April 20th, 1893, the defendants had made some verbal or written claim to the real estate referred to in the complaint; that mere unexpressed opinions on the part of any defendant as to his or her legal rights under the will of Selah Strong, whether held within such times or at any other time, did not constitute on the part of such defendant such a claim that the plaintiffs could maintain as against him or her this action; that any claim made by the defendants based upon the language of the eighth clause of the will, was not actionable and did not constitute a claim adverse to the plaintiffs; that the statements in the 'Compliance with Order of Court of May 3d, 1894' and in the 'Further Compliance with Order of Court of May 3d, 1894,' were not such claims, or the evidence of such claims, as would enable the plaintiffs to maintain their action." The court refused so to charge the jury, but did charge them as follows :—

"Gentlemen of the Jury : This action of certain plaintiffs against certain defendants, is presented for your consideration upon a single issue or question raised by the pleadings. The plaintiffs have alleged that the defendants claim they

have some interest in said real property adverse to the plaintiffs. The defendants have in their answer denied this allegation; so that your duty is to determine whether at the time of the institution of this suit, April 20th, 1893, the defendants claimed an interest in the real estate referred to in that paper . . . . The question therefore is as to the attitude of these defendants in regard to this real property, at the time of the bringing of this suit. You have nothing to do with what is to become of the property, but are to try simply the question whether the defendants claimed an interest adverse to the plaintiffs. Upon this question there has been admitted the record in two certain other suits brought by one or other of these plaintiffs against these defendants, or a part of these defendants. In the later one of these it appears that these defendants set forth certain claims that they made of an interest in this real estate. The answer made by them in that case is evidence tending to show that they at that time claimed adverse interest in this property. A part of the answer in this suit is also admitted as evidence tending to show that on the 21st day of May, 1894, these defendants again claimed to have certain interests in the real estate at that time. Upon this evidence it is for you to say whether they were at the time of the bringing of this suit claiming to have an interest in the property adverse to the plaintiffs. It is not necessary that they should have called upon, or seen or written the plaintiffs that they made claim to the property. The question is as to their attitude in relation to the property. The will itself in the eighth paragraph provides that upon certain contingencies of the death of Ernest Strong without disposing of the property by deed or will, the heirs at law of the testator should take the property. These defendants are heirs at law of the testator. It would seem that under the terms of this will there may be some question as to its construction or effect, upon the happening of certain contingencies. Perhaps there may be some inference that in questions of doubt in relation to property, parties will make whatever claims they can in conscience make in respect to it. I must say to you that any claim made by these defendants,

that upon the death of Ernest Strong they will in certain contingencies have an interest in the property, is, in the construction of the statute under which this suit is brought, in its nature adverse to the plaintiffs, as it is in derogation of an absolute title in fee simple to the property. If the defendants at the time of bringing this suit were claiming any interest in the property after the death of Ernest Strong, upon any contingency, that claim was adverse. There is no evidence whatever presented by the defendants, except Mira Strong, tending to show that they disclaimed a claim of interest in the property, or tending to show that they deny such claim. The case is therefore submitted to your consideration upon this question, whether or no these defendants were at the bringing of this suit in an attitude of claiming an adverse interest in this real estate. . . . I think I made it plain that if these defendants were in an attitude at the time of the bringing of this suit of claiming that they would at some time have an interest in this property at the death of Ernest Strong, that claim is in its nature adverse to the plaintiffs.

" Upon the trial to the court of the issues raised by the defendants' rejoinders to the second and third replies, the plaintiffs having, with other evidence to prove the allegations of the second and third replies, offered in evidence the original files in the case of *Miles, Trustee,* v. *Strong,* . . . . offered, in connection therewith, to read to the court the opinion of the Supreme Court found in Vol. 62 of the Connecticut Reports, pages 99 to 105 inclusive. To the reading of said opinion to the court, counsel for defendants objected. The court ruled that plaintiffs' counsel might read said opinion to the court, as bearing upon the issues on trial. The defendants excepted to said ruling. . . . No evidence was offered as to the hour of the day upon which the writ in the present suit was issued or was served. The defendants claimed that the judgment in the former action was a bar to the maintenance of this action, and that said causes of action were the same; that the Act of 1893 was in violation of article first, § 21 of the Constitution of this State; that the

present action could not be maintained under said Act of 1893, because to apply the same to the facts alleged and proved in this action would be to give to said Act a retrospective and unlawful construction and effect, and because said act did not go into effect before the commencement of the present action.

" The court having found said issues in favor of the plaintiffs, upon a further hearing to the court as to the judgment to be rendered and the construction to be placed upon the language of the clause of the will in question, the defendants claimed that the court had no power to render final judgment in said cause, as the issue raised by the second defense had been tried to the jury; that if final judgment could be rendered, such judgment should be to the effect that in case Ernest S. Miles should die without leaving lawful issue surviving him at the time of his death, or in case said Ernest S. Miles should die without having personally disposed of all and every part of said real estate by deed or will before his own decease, then and in either of these events said real estate would belong to the defendants (other than Mira R. Strong) *per stirpes*, and as heirs of Selah Strong. The court held and decided that the plaintiff, Samuel A. Miles, had an absolute title in fee to the real estate in question, subject only to the trust created by the provisions of the deed from Ernest Strong Miles, and described in the complaint as Exhibit C, and rendered judgment as on file." From that judgment the defendants took the present appeal.

The errors assigned are thirty-five in number, but it will not be necessary to consider them separately, inasmuch as the principal assignments relate to the following questions, namely: (1.) Is the act under which this suit is brought a valid one? (2.) Is the judgment set up in the first defense a bar to this proceeding? (3.) In the trial to the jury did the court err in admitting the evidence objected to, or in refusing to charge as requested, or in charging as it did? (4.) In the trial to the court is there error in any of the rulings complained of? These questions will be considered in the order above stated.

The Constitution of this State provides (Art. I. § 21) that " the right of trial by jury shall remain inviolate "; and the Constitution of the United States provides (Art. XIV. § 1) that no State shall " deprive any person of life, liberty, or property, without due process of law." The specific objection made by the defendants to the validity of the Act here in question, is that it violates these two constitutional provisions. The claim that it violates the first, is based upon the assumption that the Act, in cases brought under its provisions, deprives the parties of the right of trial by jury; and this assumption is founded mainly upon the language of the fifth section, which says that " the *court* shall hear the several claims and determine the rights of the parties." The word " court" in this section may mean the judge of the tribunal in which the proceedings are pending, as opposed to the jury, or it may mean—as for instance it certainly seems to in one of the principal sections of the Practice Act (Gen. Stat. § 877)—the tribunal itself as established by law for the public administration of justice; and we are of opinion that it should be held to mean the latter. Under section one of the Act, the claims to be tried and determined in proceedings brought under the Act, may plainly include legal claims proper to be tried by a jury, as well as equitable claims proper to be tried by a court of equity; and in the absence of any provisions in the Act which either expressly or by necessary implication prohibit trial by jury, the fair presumption is that the right to try the former class of questions to a jury is preserved to the parties. The Act does not expressly provide for, nor does it expressly or by necessary implication prohibit, trial by jury in proper cases, but leaves that matter, as it does many others, to be regulated by other provisions of existing law. For example, it does not provide in what court the proceedings shall be brought, whether in the Superior Court or in some of the inferior courts; nor in what county, whether that where the property lies, or that wherein the parties or some of them reside; nor how the jurisdiction of the inferior courts is to be determined, whether by the value of the property described in the

Miles, Trustee, et al. *v.* Strong et al.

complaint, or otherwise.  In these and other respects the
Act is very loosely and carelessly drawn, and may require
amendment, but the purpose of its enactment is tolerably
clear, and effect ought to be given to its provisions, unless
the attempt to do so would plainly override constitutional
provisions.  We think the legislature in this Act intended
to clothe the Superior Court and the inferior courts having
common law powers, with power to hear and determine cases
of this kind, if in other respects within their jurisdiction
according to existing laws; and that the word "court," as
used in this fifth section, is to be construed just as if it was
qualified by the name of some specific court; the word
"court," when so read, unquestionably means the tribunal,
and not merely the judge thereof.  The Act, then, does not
deprive the parties of the right to try by jury questions
proper to be tried in that way, and consequently the objec-
tion to its validity, founded on the assumption that it does
so, cannot prevail.

Equally unfounded is the claim that the Act deprives de-
fendants of due process of law.  In proceedings under this
Act a defendant is at liberty to make any legitimate defense
open to him under the laws and practice of this State, as in
other cases, and to have the issues tried and determined by
court or jury, as the case may be, as in other cases; and this
is due process of law.  It is true that under this Act a defend-
ant may be compelled either to say that he claims no interest
at all in the property, or to state fully just what his claim is;
but this is no hardship, for if he has no claim he ought to
say so, and if he has, it cannot harm him merely to state in
his own way what it is.  At all events the provision in ques-
tion is a valid exercise of legislative power.

In the absence of any objections to the validity of the Act in
question, other than those already considered, we are brought
to the conclusion that the Act is a valid one; and this con-
clusion is justified by two of the plainest principles of judicial
construction.  One of them is "the safe and wholesome rule
that where an Act of the legislature admits of two construc-
tions, one valid and the other invalid, courts should adopt

the former and uphold the statute, if it may be done by any reasonable interpretation, though it may not be the most obvious." *Town of Wilton* v. *Town of Weston*, 48 Conn. 325, 338. The other is the well settled rule " that before an Act of the legislature ought to be declared unconstitutional, its repugnance to the provisions or necessary implications of the Constitution should be manifest and free from all reasonable doubt." *Hartford Bridge Co.* v. *Union Ferry Co.*, 29 Conn. 210, 227 ; *State ex rel. Andrew* v. *Lewis*, 51 id. 113.

The next question is whether the former judgment is a bar to the present suit. The court below rightly decided that such judgment was, in a certain sense, a judgment upon the merits. In the then existing state of the law and practice in this State, it put an end to the attempt to obtain a construction of the will by or on behalf of the devisee in a proceeding of that kind ; but it did not construe the will, nor did it determine the respective rights of the parties under the will to the land in question, and this last was the real object of the suit. That judgment did not settle the controversy between the parties, but left it where it found it, and settled only this : that such controversy could not be determined in that way and at that time. Upon the facts in that case, as the plaintiffs claimed them to be, it is quite clear that an early settlement of the controversy would greatly benefit them, and could not harm the defendants ; and it is not clear how, as the law then was, in the absence of agreement, such settlement could be had except through an action at law by the defendants, after the death of Ernest. In other words there was here an apparent wrong and hardship for which there was no plain and adequate remedy ; and the Act of 1893 was evidently intended to provide such a remedy. Under this Act the plaintiffs can now get that which was denied them in the two former proceedings, namely a settlement of this controversy ; and it is that which they now seek. Under these circumstances the former judgment is not a bar, because it did not determine this controversy nor decide anything relating to it, which is sought to be re-litigated in the present proceeding.

The next question is whether the court erred in its rulings upon evidence. The answers in this and the two former suits, if admissible as containing admissions of the defendants, were clearly relevant upon the question whether at the commencement of this suit the defendants claimed an interest in the land adverse to the plaintiffs. The answers in the former suits tended to show that they had made such claim in the past, and persisted in it through two well contested lawsuits; and the answer in this, which they made under order of the court, showed that they still made the same claim and believed in its validity. So far as the present case is concerned, an adverse claim, under this Act, in or to the land of another, considered apart from the evidence by which its existence is usually manifested to others, may be regarded essentially as nothing more than a certain complex mental state or condition. In this sense a claim differs from any and all assertions of it, and these last are but evidence of its existence. This is plainly what the court below meant by the word "attitude," when it told the jury that the question before them was "whether or no these defendants were at the bringing of this suit in an attitude of claiming an adverse interest in this real estate," and this was clearly correct under the circumstances of this case. If the existence of this state of mind has never at any time been made manifest to others by outward act of any kind, it may well be, so long as it thus remains a mere mental state unmanifested to others, that it cannot be regarded as a claim; but, when once asserted, it becomes and remains a claim whose existence continues, even though there should be thereafter no continuous or repeated assertions of it. If *A* at a given time asserts an adverse claim in *B's* land to *B*, and continues of the same mind for a year afterwards, without further outward assertion of his claim, he would ordinarily be considered in the absence of anything to the contrary, as making that same claim during the entire year. It was the existence of this mental state or condition in the minds of the defendants at the time the suit was brought, that the plaintiffs were bound to prove; and as in other cases of this

kind, facts showing the existence of this same mental condition before and after the suit was brought, are deemed to be relevant upon the question of its existence at the moment the suit was brought; Stephen's Digest, Art. 11 ; and if the evidence established the fact of the existence of such a mental state or condition prior to this suit, the presumption would be that it continued till the contrary was shown. *Donahue* v. *Coleman*, 49 Conn. 464.

The evidence objected to, then, was clearly relevant to the fact in issue, because it afforded some ground for an inference as to the truth of that fact. The question remains whether that evidence was admissible as containing admissions of the defendants. The defendants say it was not, unless it appears that they authorized these answers to be made, or at least were aware that they had been made in the respective cases. If this be granted, it does not help the defendants, for we think it does appear that they were aware of these statements made for them and on their behalf ; because the answers filed in the two former cases and in this, are not mere technical statements of a formal ground of defense, ordinarily made by counsel without consulting the client, but they are statements of the individual claims and beliefs of the defendants under this will with reference to their individual rights, and they could have been obtained only from the defendants themselves. Besides, it further fairly appears that the defendants in effect adopted the answers in the two former suits, by making them the basis of their claim for the judgments in their favor which they obtained in those suits; and as to the statement of their claims in the present suit, it was their duty under the statute and the order of court to disclaim all interest in the land, or to state truly whatever interest they claimed therein. This duty was performed by their counsel, and the defendants then and now claim to have thereby complied with the order, and to that extent have profited by the act of their counsel. Under these circumstances we think it sufficiently appears that all these answers were made by the authorized agents of the defendants acting within the scope of their

authority, and with the knowledge of the defendants, and were therefore admissible against them. Upon the point last considered, the ruling of the court below is supported by the principles recognized or applied in the following cases. *Gordon* v. *Parmelee*, 2 Allen, 212; *Cook* v. *Barr*, 44 N. Y. 156; *Dennie* v. *Williams*, 135 Mass. 28; *Vogel* v. *Osborne*, 32 Minn. 167; *Parsons* v. *Copeland*, 33 Me. 370.

' The complaints made with reference to the action of the court in refusing to charge as requested, and in charging as it did, are in most cases based upon the supposition that unless the defendants had asserted their claims in some way, after the passage of the Act of 1893, the present proceeding could not be maintained against them. This is to confound the existence of their claim with the continuous outward assertion of it, as before explained. The supposition is not correct. All the requests to charge, save one, are based upon this erroneous supposition, and were properly refused. The one excepted request was in substance this: that a mere unexpressed claim on the part of any of the defendants did not constitute a claim under the statute. This claim was in substance sustained in the charge given.

The claimed errors in the charge itself, as set forth in the assignments of error numbered from 13 to 22 inclusive, are all, save the last one, based largely upon the same erroneous supposition, and for that reason are not well taken. The last assignment alleges that the court failed to instruct the jury that the burden of proof rested upon the plaintiffs, and that they must prove their case by a fair preponderance of evidence. If we assume that the record fairly shows that this was not done, it will not aid the defendants; for neither party requested a charge upon these points, probably because no question was made about them; and " a new trial is never granted because the court omitted to give a charge not asked for, provided the instructions actually given were correct, adapted to the issue, and sufficient for the guidance of the jury in the case before them." *Waters* v. *Bristol*, 26 Conn. 398, 403. We are of opinion that the charge in the case at bar was of the kind above described, and that the fail-

ure in question, if it in fact occurred, cannot avail the defendants as a ground for a new trial.

Upon the trial to the court certain rulings were made as hereinbefore stated, and of these the defendants complain. Among other things the court, in effect, held that the Act of 1893 was valid, that the former judgment set up was not a bar, and that the present proceeding could be maintained under the Act in question. For the reasons already given in another part of this opinion, there was no error in so holding.

The defendants asked the court to rule that the Act did not go into effect before the commencement of the present suit. The Act went into effect on the 19th of April, 1893, and the suit was begun the next day. The court did not err in refusing to hold as requested on this point.

The court permitted the plaintiffs, against the objection of the defendants, to read to it from the opinion of this court, referred to in the finding, " as bearing upon the issues in the case." One of the issues was whether the judgment in that case was a bar to this suit, and that depended on the further fact whether the judgment in question had settled the matters in litigation in the present suit; and to ascertain this, the court below clearly might have read the opinion for itself, and it was no error to permit the plaintiffs to read it in the manner and for the purpose stated.

Contrary to the claim of the defendants the court held that the plaintiff, Samuel A. Miles, had an absolute title in fee to the land in question, subject only to the trust created by the provisions of the deed from Ernest, the other plaintiff. Upon this point it seems sufficient to say that we are of opinion that the court did not err in so holding. This disposes of the principal errors assigned, and of the case. The others are few and unimportant, and as they are all really disposed of in what has been said with reference to the principal assignments, the specific consideration of them is deemed to be unnecessary.

There is no error and a new trial is denied.

In this opinion FENN and BALDWIN, Js., concurred; ANDREWS, C, J. and HAMERSLEY, J. dissented.