[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Motion to Strike from Jury List #135.
This is a foreclosure action by CSB Financial Corporation [CSB] against Malcolm and Myra Levy [Defendants] to foreclose the second mortgage on their property at 13 Broadview Road, Westport, Connecticut arising out of guarantee for money loaned to United Carpet Stores. In response to this action defendants filed an answer, special defenses and counterclaims. In their special defenses and counterclaims defendants allege that Myra Levy received no consideration for her guarantee and mortgage and that she was forced to execute the guarantee and mortgage deed. CSB violated its duty to act in good faith and breached its fiduciary duty to defendants in that CSB failed to notify defendants of CSB's waiver of rights to payments and CSB's failure to protect collateral securing the original loan and security agreement. CSB's action violated the Connecticut Unfair Trade Practices Act. The alleged July 31, 1985 mortgage is ineffective and of no force or effect as to Myra Levy. Defendants seek money damages, attorney's fees and any additional relief the court deems proper. Defendants claimed the case for the jury docket and CSB now moves to strike the case from the jury docket.
A party can move that a case be stricken from the jury docket by a motion to strike. See Falk v. Schuster, 171 Conn. 5, 7 (1976). In ruling on the motion to strike, the court is limited to the facts alleged in the pleadings and must construe those facts in the manner must favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278 (1988).
CSB argues that the facts presented in the instant action are essentially equitable and the court can determine the issues without a jury. CSB characterizes defendants' special defenses and counterclaim as a claim for misrepresentation and as such are equitable in nature and the court can decide the issues. In the alternative CSB argues that even CT Page 3455 if some of the issues are legal, there is no right to a jury trial in a foreclosure action.
Defendants argue that the instant action "presents both legal and equitable issues and that defendants raised the legal issues in their special defenses and counterclaim." Defendants argue that "[t]he instant foreclosure action is not based upon an original debt of either defendant but rather their guarantees of financing agreement between the plaintiff's predecessor in interest and a business establishment with which neither defendant was connected at the time of the default." Defendants argue that "[t]he distinction is important in determining the `relative importance' of the parties' claims." Defendants conclude that the legal claims by defendant guarantors "present primary issues of substance separate and distinct from the foreclosure claim for which a jury trial is guaranteed by the federal and state constitutions."
The Connecticut Supreme Court has set forth the standards used to determine whether a party is entitled to a trial by jury as follows:
 The constitution of Connecticut, article first, 19, states that `[t]he right of trial by jury shall remain inviolate.' This particular provision of our constitution has been consistently construed by Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the provision, then that right remains intact. (citations omitted)
 It is generally held that the right to a jury trial "exists not only in cases in which it existed at common law and at the time of adoption of constitutional provisions preserving it, but also exists in cases substantially similar thereto . . . ." 47 Am.Jur.2d, Jury 17; Swanson v. Boschen, supra. At common law, "legal claims [were] tried by a jury, [and] equitable claims and equitable claims [were] tried by a court . . . ." Miles v. Strong, 68 Conn. 273, 286, 36 A. 55 (1896): Dawson v. Orange, 78 Conn. 96, 100 61 A. 101 (1905). Equitable actions, therefore, are not within the constitutional guarantee of trial by jury. (Citations omitted)
Skinner v. Angliker, 211 Conn. 370, 373-74 (1989).
Conn. Gen. Stat. 52-215 provides that:
 as a matter of right "civil actions involving such an issue of fact as, prior to January CT Page 3456 1, 1880, would not present a question properly cognizable in equity" should be entered on the docket as jury cases upon proper request. Section 52-215 goes on to state that certain enumerated actions and "all other special statutory proceedings, which, prior to January 1, 1880, were not triable by jury," shall be tried to the court without jury.
Id. at 374-75.
 [I]n determining whether a party has a right to a trial by jury under the state constitution and 52-215, the court must ascertain whether the action being tried is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted. This test requires an inquiry as to whether the course of action has roots in the common law, and if so, whether the remedy involved was one in law or equity. If the action existed at common law and involved a legal remedy, the right to a jury trial exists and the legislature may not curtail that right either directly or indirectly.
Id. at 375-76.
 "When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. `Where incidental issues of equitable, the court may determine without a jury in the exercise of its equitable powers. Doris v. McFarland, 113 Conn. 594, 608, 156 A. 52 [1931].'" United States Trust Co. v. Bohart, supra, 45. To determine whether the action is essentially legal or essentially equitable, we must examine the pleadings in their entirety.
Texaco v. Golart, 206 Conn. 454, 459 (1988).
In the instant case, the action before the court is essentially CSB's foreclosure action against defendants on a mortgage that was used to secure a guarantee on money loaned to United Carpet Stores. "An action CT Page 3457 of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that justice may be done between the parties." Hartford Federal Savings and Loan Assn. v. Tucker, 196 Conn. 172, 175 (1985), cert. denied, 474 U.S. 920 (1985). In their special defenses defendants allege that Myra Levy received no consideration and was forced to execute the mortgage and that the mortgage was ineffective. In applying the principles of Skinner and Texaco to these pleadings, it is found that, these special defenses are in essence a challenge to the proposed foreclosure and are therefore equitable. In regard to defendants' other special defenses and counterclaims defendants allege that Myra Levy received no consideration and was forced to execute the guarantee, that CSB violated its duty to act in good faith and breached its fiduciary duty to defendants, that CSB's actions violated the Connecticut Unfair Trade Practices Act and defendants seek money damages and attorney's fees. It is the opinion of the court that the essence of these special defenses and counterclaims are legal claims challenging the guaranty.
The allegations in the complaint state a cause of action which is equitable in nature. It is found that some of the special defenses are equitable in nature. Accordingly, it is found that the instant action is essentially equitable and the defendants special defenses and counterclaims which state legal claims regarding the guaranty are ancillary to the foreclosure action. Accordingly, it is found that defendants are not entitled to a jury trial, and CSB's motion to strike from the jury docket should be granted. It is further the opinion of the court that in an equitable action, the court may in its discretion submit factual issues to a jury upon application of either party pursuant to Conn. Gen. Stat. 52-218 (rev'd to 1991).
JOHN J. P. RYAN, JUDGE