[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On September 24, 1991, People's Bank the plaintiff, filed this foreclosure action against William and Nadine Podd (the Podds), husband and wife. Other named defendants include: Gateway Bank as successor in interest to Connecticut Community Bank, First Savings Association, Union Trust Company, Stephen Maggiola as trustee, Patriot Heating Cooling, and Citibank. Specifically, the plaintiff seeks immediate possession of real property through strict foreclosure, payment of the amounts due under the note, a deficiency judgment, the appointment of a receiver of rents, an order of ejectment, and money damages.
On February 22, 1993, the defendants, William and Nadine Podd, filed an answer, affirmative defenses and counterclaim. In their first affirmative defense, the Podds allege that the plaintiffs breached an agreement to work out past due installments. In the second affirmative defense, the Podds state that the plaintiffs accepted certain payments on the note and mortgage after July 1990. Finally, in the third affirmative defense, the Podds claim that the plaintiff breached its obligation of good faith and fair dealing by accelerating the note. Further, in the counterclaim, the Podds assert that the plaintiff breached its obligation of good faith and fair dealing in its business practice. In terms of relief, the Podds require a trial by jury, equitable relief prohibiting the plaintiff from foreclosing, judgment dismissing the plaintiff's action, judgment on the counterclaim, and direct and punitive damages.
On February 23, 1993 the defendant William S. Podd, filed a claim for jury trial and claim for the civil trial list.
On May 21, 1993, the plaintiff filed a motion to strike from the CT Page 8898 jury docket on the ground that there is no right to a jury trial in a foreclosure action which is equitable in nature. In response, on May 28, 1993, the Podds contend that their affirmative defenses and counterclaim are essentially legal in nature, and therefore, they have a constitutional right to a jury trial.
The Connecticut Supreme Court has set forth the standards used to determine whether a party is entitled to a trial by jury as follows:
 The constitution of Connecticut, article first, 19, states that "[t]he right of trial by jury shall remain inviolate." This particular provision of our constitution has been consistently construed by Connecticut courts to mean that if there was a right to trial by jury at the time of the adoption of the provision, then that right remains intact.
Skinner v. Angliker, 211 Conn. 370, 373-74, 559 A.2d 701
(1989). At common law, "legal claims [were] tried by a jury" [and] equitable claims [were] tried by a court. . . ." Miles v. Strong, 68 Conn. 273, 286, 36 A. 55 (1896); Dawson v. Orange,78 Conn. 96, 100, 61 A. 101 (1905).
 Connecticut General Statutes 52-215 provides that as a matter of right "civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity" should be, entered on the docket as jury cases upon proper request. Section 52-215 goes on to state that certain enumerated actions and "all other special statutory proceedings, which, prior to January 1, 1880, were not triable by jury," shall be tried to the court without jury.
Skinner v. Angliker, supra, 374-75.
 [I]n determining whether a party has a right to a trial by jury under the state constitution and 52-215, the court must ascertain whether the action being tied is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted. This test requires an inquiry as to whether the course of action has roots in the common law, and if so, whether the remedy involved was one in law or equity. If the action existed at a common law and involved a legal remedy, the right to a jury trial exists and the legislature may not curtail that right either directly or indirectly CT Page 8899
Id. 375-76.
"When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. Where incidental issues of fact are presented in an action essentially equitable, the court may determine without a jury in the exercise of its equitable powers'" Citation omitted. United States Trust, Co, v. Bohart,197 Conn. 34, 45, 495 A.2d 1034 (1985). To determine whether the action is essentially legal or essentially equitable, the court must examine the pleadings in their entirety. Texaco v. Golart,206 Conn. 454, 459, 538 A.2d 1017 (1988).
"An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that justice may be done between the parties." Hartford Federal Savings Loan Assn., 196 Conn. 172, 175,491 A.2d 1084 (1985). A defendant cannot by the assertion of defenses and counterclaims which are "legal" in nature, convert a foreclosure case from its essential equitable nature to a legal cause of action thereby requiring a jury trial. Savings Bank of New London v. Santaniello, 130 Conn. 206, 211, 133 A.2d 126 (1943).
Several recent Connecticut Superior Court decisions have held that there is no right to a jury trial in an action to foreclose a mortgage, even though special defenses and counterclaims raise some legal issues. See, e.g., Atlantic Street Associates v. Atlantic-Rockwin Stamford Associates, 4 Conn. L. Rptr. 42 (May 7, 1991, Lewis, J.); Connecticut National Bank v. 1234 Summer Street Limited Partnership, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0109065 (December 18, 1990); CSB Financial Corp. v. Levy, 3 Conn. L. Rptr. 503 (April 25, 1991, Ryan, J.) (courted granted a motion to strike from the jury docket because special defenses of breach of good faith and breach of fiduciary duty are legal claims ancillary to the foreclosure action.)
The defendants cite Northeast Savings, FA. v. Plymouth Commons Realty Corp, et al., 4 Conn. L. Rptr. 289 (July 5, 1991, Satter, J.) as supporting their claim for a jury trial. In that case the court held that the defendant had a right to a jury trial in a foreclosure action. The defendant had executed a promissory note in favor of the plaintiff bank secured by a mortgage and collateral assignment of other assets. Under the separate agreement rents from tenants were sent to a lock box at the plaintiff bank. From CT Page 8900 the sums collected the plaintiff was to pay mortgage installments, real state taxes and other charges. Therefore, the defendant Plymouth's defenses and counterclaims were directed to the plaintiff's obligations pursuant to the collateral assignment and were, as the court found, "not ancillary to, but rather, on equal basis with plaintiff's foreclosure claim." Id., 290.
The instant case is clearly distinguishable from Northeast Bank. The relationship between the parties herein is less complex than that of the parties in Northeast Bank. The claims herein are ancillary to the mortgage foreclosure action.
Therefore the defendant's objection to the plaintiff's motion to strike is overruled and the motion to strike is granted.
Leheny, J.